### THE BARRACOUTA.

### CUMMING *et al. v.* THE BARRACOUTA.

*(District Court, S. D. New York.   July 3, 1889.)*

SHIPPING—BILL OF LADING—NEGLIGENCE.
   Chlorides having been shipped in barrels, instead of the usual carboys, on their arrival a part was found lost by leakage.   The bill of lading excepted liability for leakage.   *Held,* that negligence in the ship must be shown to render the vessel liable for the loss, and, the cargo appearing to be well stowed, and no actual negligence proved, the libel was dismissed.

In Admiralty.   Libel for loss of portion of cargo.
*Arnold & Greene,* for libelants.
*Wing, Shoudy & Putnam* and *C. C. Burlingham,* for claimants.

BROWN, J.   The above libel is filed for the loss of a portion of the contents of barrels of chloride, and 20 kegs of salt on a voyage from New York to Trinidad, in December, 1887.   The bill of lading excepted liability for loss from "leakage," "effect of climate," and "heat of holds," and forbade "liquids or goods capable of doing damage being shipped, without the nature of their contents being conspicuously marked on the outside of each package."   It is evident from the testimony that the loss arose from leakage, and it is incumbent upon the libelant, therefore, to prove negligence on the part of the ship.   The weight of evidence shows that such chlorides have heretofore been mostly shipped in carboys.   In this case castor-oil barrels were used, and between 600 and 700 pounds were put in each barrel.   The use of barrels, if safe, is doubtless much more economical and less subject to breakage.   The evidence shows that barrels have been employed to some extent, while some large dealers are wholly ignorant of such use, and testified that barrels were improper and unsafe packages.   The correspondence between the parties seems to indicate that the barrels in this case were tried to some extent as an experiment.   Without regard to these circumstances, however, I think the libelants fail to establish any such negligence on the part of the ship, as is necessary to a recovery.   *The Invincible,* 1 Low, 225.   The goods were well stowed in the hold, being undisturbed by a hurricane of great violence.   Four barrels were found empty, or nearly so, when discharged, having the heads bulged outwards.   The evidence also shows that the rest of these packages leaked, while the rest of the cargo in the hold was in perfect condition.   There is no proof of improper stowage, and the only reasonable inference that can be drawn is that the barrels were insufficient for the weight put into them, and for chemicals of such a quality as they contained.   No negligence being established, the libel must be dismissed, with costs.